O

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.     ED CV 08-01935-SGL(PLAx)                              Date:  January 7, 2009

Title:     U.S. BANK NATIONAL ASSOCIATION -v- MAYRA L. VILLACIS, ET AL.
=======================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Jim Holmes                                         None Present
        Courtroom Deputy Clerk                     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                              None present

PROCEEDINGS:     ORDER SUMMARILY REMANDING MATTER TO STATE COURT

     The Court has received and reviewed defendant's December 30, 2008, notice of removal, seeking to remove to this Court an unlawful detainer action filed by plaintiff in Riverside County Superior Court.  In the notice, defendant argues that this Court has subject matter jurisdiction over the unlawful detainer action because in her answer to the claim she asserted as a defense that plaintiff had violated the Truth-In-Lending Act and the Real Estate Settlement Procedures Act. (Notice Removal at 2 ¶ 6).  The problem with that argument is that the lodging of a federal defense to a state law claim in state court does not serve to transform the plaintiff's claim as one arising under federal law; it is the character of the claim being pressed by the plaintiff, not a defense interposed by a defendant, that is critical in determining whether removal is appropriate.  "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393 (1987); <u>see</u> <u>also</u> <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 12 (1983).

     Given that her lodging of a federal defense to plaintiff's complaint is the only basis upon which defendant has proffered that this Court has subject matter jurisdiction over this matter (and from the Court's own review of the complaint there appears to be no other basis for jurisdiction), the Court hereby summarily **REMANDS** the instant matter to the Riverside County Superior Court.

MINUTES FORM 90                                                                               Initials of Deputy Clerk: jh
CIVIL -- GEN                                                 1

IT IS SO ORDERED.